IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

```
SHANNON QUICK,                    )
                                  )
            Plaintiff,            )
                                  )
     v.                           ) Civil Action No. 08-48J
                                  )
MICHAEL J. ASTRUE,                )
COMMISSIONER OF                   )
SOCIAL SECURITY,                  )
                                  )
            Defendant.            )
```

MEMORANDUM JUDGMENT ORDER

AND NOW, this _31st_ day of August, 2009, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying plaintiff's application for supplemental security income under Title XVI of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 11) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 9) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Where the ALJ's findings of fact are supported by substantial evidence, a reviewing court is bound by those findings, even if it would have decided the factual inquiry

differently. Farqnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff protectively filed his pending application for supplemental security income on September 7, 2005, alleging a disability onset date of September 2, 2005, due to bipolar disorder, depression and post-traumatic stress syndrome. Plaintiff's application was denied initially. At plaintiff's request an ALJ held a hearing on September 7, 2006, at which plaintiff, represented by counsel, and plaintiff's mother appeared and testified. On November 22, 2006, the ALJ issued a decision finding that plaintiff is not disabled. On February 15, 2008, the Appeals Council denied review making the ALJ's decision the final decision of the Commissioner.

Plaintiff was 32 years old at the time of the ALJ's decision and is classified as a younger person under the regulations. 20 C.F.R. §416.963(c). He has a ninth grade education which is classified as limited. 20 C.F.R. §416.964. He has no past relevant work experience and has not engaged in any substantial gainful activity, before or since his alleged onset date.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. The ALJ found that although the medical evidence establishes

that plaintiff suffers from the severe impairment of bipolar disorder, that impairment does not meet or equal the criteria of any of the impairments listed at Appendix 1 of 20 C.F.R., Part 404, Subpart P.

The ALJ also found that plaintiff retains the residual functional capacity for work at the light exertional level but with certain restrictions recognizing the limiting effects of his mental impairment. (R. 17). Taking into account these limiting effects, a vocational expert identified numerous categories of jobs which plaintiff could perform based upon his age, education, work experience and residual functional capacity, including office cleaner, laundry worker, labeler and sorter. Relying on the vocational expert's testimony, the ALJ found that plaintiff is capable of making an adjustment to work which exists in significant numbers in the national economy. Accordingly, the ALJ concluded that plaintiff is not disabled.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment which can be expected to last for a continuous period of at least twelve months. 42 U.S.C. § 1382c(a)(3)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §1382c(a)(3)(B).

The Commissioner has promulgated regulations incorporating a five-step sequential evaluation process for determining whether a claimant is under a disability.[1] 20 C.F.R. §416.920. If the claimant is found disabled or not disabled at any step, the claim need not be reviewed further. Id.; see Barnhart v. Thomas, 124 S.Ct. 376 (2003).

Here, plaintiff raises two challenges to the ALJ's findings: (1) the ALJ improperly rejected the opinion of the consultative examiner in favor of the opinion of the state agency psychological consultant; and, (2) the ALJ's hypothetical to the vocational expert failed to accurately set forth all of plaintiff's specific work-related limitations arising from his impairment. Upon a review of the record, the court finds that all of the ALJ's findings and conclusions are supported by substantial evidence.

Plaintiff's first argument in essence is that the ALJ improperly evaluated the medical evidence in finding plaintiff not disabled. Specifically, plaintiff contends that the ALJ

---

[1] The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether he has a severe impairment; (3) if so, whether his impairment meets or equals the criteria listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) if not, whether the claimant's impairment prevents him from performing his past-relevant work; and (5) if so, whether the claimant can perform any other work which exists in the national economy, in light of his age, education, work experience, and residual functional capacity. 20 C.F.R. §416.920; Newell v. Commissioner of Social Security, 347 F.3d 541, 545 (3d Cir. 2003). In addition, when there is evidence of a mental impairment that allegedly prevents a claimant from working, the Commissioner must follow the procedure for evaluating mental impairments set forth in the regulations. Plummer, 186 F.2d at 432; 20 C.F.R. §416.920a.

erroneously failed to consider or give adequate weight to the opinion of the consultative examiner, Dr. Fisher, who concluded that plaintiff has "extreme limitations" in his ability to interact appropriately with supervisors, co-workers and the public, and to respond appropriately to work-setting pressures and changes. (R. 190). After reviewing the record, the court is satisfied that the ALJ's evaluation of Dr. Fisher's report is supported by substantial evidence.

Under the regulations, an ALJ is to evaluate every medical opinion received, regardless of its source, and is required to consider numerous factors in deciding the weight each opinion is entitled, including the examining and treatment relationship and the specialization of the medical source along with the opinion's supportability and consistency and any other factors tending to support or contradict the opinion. 20 C.F.R. §416.927(d).

Here, the ALJ adhered to the foregoing standards in evaluating the medical evidence and the court finds no error in the ALJ's conclusions. The ALJ expressly addressed Dr. Fisher's assessment and explained why he chose to give it little weight, noting in particular that Dr. Fisher's opinion is not consistent with the overall medical record or treatment evidence. (R. 19-20). Thus, because Dr. Fisher's opinion is not supported by the objective medical evidence and is inconsistent with other substantial evidence in the record, including his own findings, the ALJ did not err in giving that opinion little weight. 20 C.F.R. §416.927(d); SSR 96-2p.

Finally, to the extent plaintiff contends that the ALJ erred in giving greater weight to the opinion of the state agency medical consultant than that of Dr. Fisher, it is well-settled that under the Regulations state agency psychological consultants are "highly qualified ... psychologists who are also experts in Social Security disability evaluation." 20 C.F.R. §416.927(f)(2)(i). Accordingly, while not bound by findings made by reviewing psychologists, the ALJ is to consider those findings as opinion evidence, and is to evaluate them under the same standards as all other medical opinion evidence. 20 C.F.R. §416.927(f)(2)(ii); SSR 96-6p. The ALJ did so here and determined that the opinion of the state agency consultant was more in line with the objective evidence than was Dr. Fisher's.

The ALJ did a thorough job in her decision in setting forth the relevant medical evidence and explaining why she rejected or discounted any evidence, including Dr. Fisher's opinion. (R. 18-20). The court has reviewed the ALJ's decision and the record as a whole and is convinced that the ALJ's evaluation of the medical evidence is supported by substantial evidence.

Plaintiff next argues that the ALJ erroneously relied upon the vocational expert's response to a hypothetical which did not accurately set forth all of plaintiff's specific work-related limitations. Specifically, plaintiff contends that the ALJ's hypothetical should have incorporated the extreme limitations set forth in Dr. Fisher's report and not the "generic" limitations contained in the ALJ's residual functional capacity finding.

A hypothetical to the vocational expert must reflect all of the claimant's impairments and limitations supported by the record. Podedworny v. Harris, 745 F.2d 210 (3d Cir. 1984). Here, the court is satisfied that the ALJ properly relied upon the vocational expert's response to a hypothetical based upon the ALJ's residual functional capacity finding which accounted for all of plaintiff's impairments and limitations <u>supported by the record</u>.[2] The vocational expert's testimony in response to that hypothetical constitutes substantial evidence supporting the ALJ's step 5 finding.

Furthermore, the ALJ did not err in rejecting the additional limitations contained in the hypothetical to the vocational expert posited by plaintiff's attorney incorporating the extreme limitations advanced by Dr. Fisher, as those additional limitations, as already discussed above, are not supported by the record as a whole. The court is satisfied that the ALJ's residual functional capacity finding and the ALJ's hypothetical to the vocational expert based on that finding account for all of plaintiff's limitations as supported by the record.

After carefully and methodically considering all of the medical evidence of record and plaintiff's testimony, the ALJ determined that plaintiff is not disabled within the meaning of

---

[2] The ALJ's residual functional capacity finding limits plaintiff to "occasional interaction with supervisors, coworkers, and the general public" and also limits him to "simple, routine, repetitive tasks, not performed in a fast-paced production environment, involving only simple, work-related decisions and, in general, relatively few work place changes." (R. 17).

the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Accordingly, the decision of the Commissioner must be affirmed.

*Gustave Diamond*
Gustave Diamond
United States District Judge


cc: Karl E. Osterhout, Esq.
    1789 S. Braddock Ave., Suite 570
    Pittsburgh, PA 15218

    Stephanie L. Haines
    Assistant U.S. Attorney
    319 Washington Street
    Room 224, Penn Traffic Building
    Johnstown, PA 15901